# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LYNN DOPP, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUDDY HONAKER et al., )<br>)<br>Defendants. ) | Case No. CIV-17-816-D |

## ORDER

This matter is before the Court on Defendants' Application to Stay Proceedings and Request for Order Requiring Special Report. Defs.' Appl. (Doc. No. 6) at 1-3 (filed Aug. 9, 2017). Defendants have jointly removed this civil action from an Oklahoma state court based upon Plaintiff's claims of violations of his federal constitutional rights, which Defendants assert are claims brought under 42 U.S.C. § 1983 and subject to removal under 28 U.S.C. §§ 1331 and 1441(a). Notice of Removal (Doc. No. 1) at 2; *see* 28 U.S.C. § 1446(b)(2). Defendants now seek "an Order staying proceedings herein for 60 days and requiring the Oklahoma Department of Corrections to submit a Special Report[.]" Defs.' Appl. at 3; *see generally* 28 U.S.C. § 1447; Fed. R. Civ. P. 81(c)(2).

In compliance with the guidelines set out in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), a procedure has been followed in this judicial district whereby an administrative review of the subject matter of civil rights complaints filed by inmates is undertaken by the appropriate officials and the results of that review reported to the Court. After preliminary review of the Petition (Doc. No. 1-1), the Court finds that an investigation and special

report are necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Defendants' Application (Doc. No. 6) therefore is GRANTED as outlined below.

IT IS THE ORDER OF THIS COURT that:

(1) Officials responsible for the operation of North Fork Correctional Center in Sayre, Oklahoma, shall undertake a review of the subject matter of the Petition:

 (a) to ascertain the facts and circumstances, including the outcome of administrative relief sought by Plaintiff;

 (b) to consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of the Petition; and

 (c) to determine whether prior related complaints, either pending in this Court or elsewhere, should be considered together with this Petition.

(2) Following completion of the review, a written special report setting forth the findings shall be compiled. The special report shall restate in separate paragraphs the allegations of the Petition followed by the pertinent information developed by the review. Whenever appropriate, Plaintiff's medical records shall be included in the special report. Likewise, any rules and regulations pertinent to the subject matter of the Petition shall be included as part of the special report.

(3) The special report shall be due no later than sixty (60) days from the date of this Order.

(4) In accordance with 42 U.S.C. § 1997e(g)(2), the Court has conducted its initial screening of the Petition and finds that Plaintiff has a reasonable opportunity to prevail on the merits. Thus, pursuant to § 1997e(g)(2) and LCvR 9.2(c) the Court orders each Defendant, within sixty (60) days of this Order, to file an answer and/or motion presenting other defenses or objections available under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(c)(2).

(5) If a motion to dismiss or other dispositive motion is filed, Plaintiff must file a response thereto within twenty-one (21) days from the date the motion was filed. *See* LCvR 7.1(g). Failure to respond to the motion within that time period may result in the motion being deemed confessed. *Id.*

(6) Unless otherwise ordered, any party shall have seven (7) days to respond to a request for an extension of time.

(7) No applications or motions shall be filed, pending motions considered, or discovery served upon any parties until the special report has been filed, except as the Court may otherwise order.

(8) Plaintiff is advised that any motion to remand the case to state court on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days of the filing of the Notice of Removal. *See* 28 U.S.C. § 1447(b); Notice of Removal at 1-3 (filed July 31, 2017). Unless demand was made in state court, Plaintiff must file any demand for trial by jury within fourteen (14) days of his receipt of service of the Notice of Removal. LCvR 81.1; *see* Fed. R. Civ. P. 81(c)(3).

(9) Any motion that was pending in state court at the time of removal will be considered withdrawn unless, within 30 days of removal, *the original moving party files* a notice of pending motion and attaches copies of: (1) the original motion filed in state court, and (2) all responses, replies, or other papers filed in state court that are necessary to resolve the motion. This Court may require that any such document be refiled to conform with the Federal Rules of Civil Procedure or the Local Civil Rules. LCvR 81.2(b).

The Clerk of Court is directed to mail this Order to Plaintiff, the Oklahoma Department of Corrections, and the relevant official at North Fork Correctional Center.

IT IS SO ORDERED this 1st day of September, 2017.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE